**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Ann Salter,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Recontrust Company, N.A., et al.,<br><br>　　　　Defendants. | No. CV09-1415-PHX-NVW<br><br>**ORDER** |

  Before the Court is Defendants' Motion to Dismiss Second Amended Complaint (Doc. 46) and Motion to Quash Service of Summons. (Doc. 47.) In Plaintiff's second amended complaint, she named Angelo Mazilo, R.K. Arnold, Brian T. Moynihan, James F. Taylor, and Mike Williams as defendants. (Doc. 40.) Although Plaintiff purported to file claims against these defendants in both their official and individual capacities, there is no such relevant legal distinction for private parties. Accordingly, service of these defendants must comply with the rules for proper service of individuals under Fed. R. Civ. P. 4. The Court previously explained in its October 5, 2010 order (Doc. 45) that Plaintiff's attempts to serve these individual defendants were insufficient, as the certified mailing receipts Plaintiff provided indicating that she mailed copies of the complaint to the individual defendants' places (or former places) of business do not satisfy the requirements for service of process on an individual. Plaintiff must name the corporations or entities themselves as parties if she wishes to pursue claims for actions

1 undertaken by that corporation or entity.  Defendants' Motion to Quash Service of
2 Summons (Doc. 47) is thus appropriately granted.

3      Because Plaintiff has not shown proper service as required by Rule 4, her case
4 warrants dismissal for lack of prosecution pursuant to Fed. R. Civ. P. 41(b).  If the only
5 failing in Plaintiff's complaint were her failure to name the proper parties as defendants
6 and show proper service on them, the Court would grant Plaintiff leave to file a third
7 amended complaint.  However, Plaintiff's complaint also fails to state a claim for which
8 relief could be granted.  "If a complaint is dismissed for failure to state a claim, leave to
9 amend should be granted unless the court determines that the allegation of other facts
10 consistent with the challenged pleading could not possibly cure the deficiency." *DeSoto*
11 *v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.1992) (citations omitted).
12 Because Plaintiff has not alleged any action by the individual defendants which caused
13 her injury and does not seek any relief from the individual defendants, and because her
14 claims fail for the other reasons stated in Defendants' motion (Doc. 46), it would be futile
15 to allow amendment of her complaint against the individual defendants.  Accordingly,
16 Defendants' Motion to Dismiss Second Amended Complaint (Doc. 46) will be granted
17 with prejudice.

18      IT IS THEREFORE ORDERED that Defendants' Motion to Quash Service of
19 Summons (Doc. 47) is granted.

20      IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Second
21 Amended Complaint (Doc. 46) is granted.  Plaintiff's Second Amended Complaint shall
22 be dismissed with prejudice and the Clerk shall terminate this action.

23      DATED this 22nd day of November, 2010.

Stephen M. McNamee
United States District Judge

- 2 -